UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                                                      Case No. 3:23-cr-76/TKW

RYAN MASON
_____/

# ORDER OF DETENTION

    This matter is before the Court on the Government's request for revocation of the release conditions and for detention pursuant to 18 U.S.C. § 3148(b). Defendant, Ryan Mason, was charged in a one-count information with being a felon in possession of a firearm under 18 USC § 922(g)(1). After a detention hearing held pursuant to the Bail Reform Act, 18 USC § 3141 *et seq.*, the Court entered an Order releasing Defendant on conditions. Doc. 19. Subsequently, on February 7, 2024, Defendant appeared before the Court and pled guilty to the charge. Despite the presumption in favor of detention after a guilty plea, the Court continued Defendant on pretrial release under the existing conditions for the reasons previously set forth in the Order of Release, Doc. 19, and because Defendant had been compliant with the conditions of his pretrial release, had a stable residence, and stable employment.

    After the guilty plea was accepted, on February 27, 2024, a Petition for Action on Conditions of Pretrial Release, Doc. 42, was filed by pretrial services alleging Defendant had violated the conditions of his release by (1) failing to attend a scheduled mental health and substance abuse evaluation and (2) failing to abide by his home detention conditions on 2 separate occasions. Rather than issue a summons or warrant for Defendant, the Court continued Defendant on conditions of release with the additional condition that Defendant abstain from alcohol.[1]

---

[1] As alleged in the petition, one of the violations involved Defendant drinking alcohol from 2:00 AM to 11:30 AM.

Case No. 3:23-cr-76/TWK

However, despite being given a third opportunity to stay on pretrial release, on March 6, 2024, pretrial services advised the Court Defendant had engaged in two additional violations. In the second Petition for Action on Conditions of Pretrial Release, pretrial services alleged Defendant tested positive and admitted to using marijuana and alcohol on March 1, 2024 into the morning of March 2, 2024, and also failed to follow the instructions of the pretrial services officer on March 6, by leaving the probation office without permission. As a result of those violations, the Court issued a warrant for Defendant's arrest and the Court held a revocation hearing on March 12, 2024.

At the revocation hearing, Defendant admitted to all 5 violations. After receiving evidence from the Government and argument from both the Defendant and the Government, the Court determined Defendant's pretrial release should be revoked and Defendant be detained.

Under 18 U.S.C. § 3148(b), revocation and detention are mandated if the Court finds there is (1)(A) probable cause to believe the Defendant has committed a Federal, State, or local crime while on release; or (1)(B) clear and convincing evidence that the person violated any other condition of release; **and** (2)(A) there are no conditions or combination of conditions of release, considering the factors set forth in section 3142(g), that will ensure the Defendant will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions f release.

For the reasons stated in open court, the Court finds the first part of section 3148(b) is satisfied. The Court also finds the second part of section 3148(b) has been satisfied. Namely, the Government has shown by a preponderance of the evidence that Defendant is unlikely to abide by any conditions of release. *See e.g., United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990); *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986).

Defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting for serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the

purpose of an appearance in connection with a court proceeding

Entered on March 15, 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:23-cr-76/TWK